UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:26-CV-00336-GNS

AMANARA JEAN PIERRE                                                           PETITIONER

v.

MARKWAYNE MULLIN, in his official capacity as
Secretary, Department of Homeland Security;
TODD M. LYONS, in his official capacity as
Acting Director,
U.S. Immigration and Customs Enforcement;
TODD BLANCHE, in his official capacity as
Acting Attorney General of the United States; and
JASON WOOSLEY, in his official capacity as
Grayson County Jailer                                                         RESPONDENTS


**ORDER**

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus (DN 1).

In 2023, Petitioner Amanara Jean Pierre ("Pierre"), who is a native and citizen of Haiti, entered the United States and paroled into the country. (Pet. ¶ 15, DN 1; Pet. Ex. A, at 1, DN 1-1). She was issued a Notice to Appeal and applied for admission. (Pet. ¶ 16). She then applied for asylum with the Executive Office of Immigration and later applied for Temporary Protective Status. (Pet. ¶ 17).

On January 21, 2026, Pierre reported to the Immigration and Customs Enforcement ("ICE") office in Milwaukee, Wisconsin, where she was detained. (Pet. ¶ 18). In March 2026, Pierre sought a bond reduction, which was denied due to lack of jurisdiction. (Pet. ¶ 19). Her application for asylum was later denied, and her appeal is pending before the Board of

Immigration Appeals. (Pet. ¶ 20). She is currently housed at the Grayson County Detention Center. (Pet. ¶ 18).

Pierre filed the Petition for Writ of Habeas Corpus against Respondents: Jason Woosley, Grayson County Jailer; Todd M. Lyons, Acting Director of ICE; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; and Todd Blanche, Attorney General of the United States. (Pet. ¶¶ 11-14). In the Petition, she challenges her continued detention and alleges a violation of her due process rights under the Fifth Amendment. (Pet. ¶¶ 29-32).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). In seeking habeas relief, Pierre bears the burden of proving by a preponderance of the evidence that her detention is unlawful. *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

This Court has previously rejected Respondents' arguments that Pierre is an arriving alien subject to 8 U.S.C. § 1225 when the catchall or default rule in 8 U.S.C. § 1226(a) applies to aliens like Pierre already present within the United States. *See, e.g.*, *Aquino v. Woosley*, No. 4:26-CV-00043-RGJ, 2026 WL 445033, at *2-9 (W.D. Ky. Feb. 17, 2026); *Coronel-Hernandez v. Woosley*, No. 4:26-CV-00020-DJH, 2026 WL 227011, at *3-4 (W.D. Ky. Jan. 28, 2026); *Resendiz v. Noem*, No. 4:25-CV-00159-GNS, 2025 WL 3527284, at *3-6 (W.D. Ky. Dec. 9, 2025); *Martinez-Elvir v. Olson*, No. 3:25-CV-00589-CHB, 2025 WL 3006772, at *6-11 (W.D.

Ky. Oct. 27, 2025). On May 11, 2026, the Sixth Circuit decided *Lopez-Campos v. Raycraft*, Nos. 25-1965/1969/1978/1982, 2026 WL 1283891 (6th Cir. May 11, 2026), holding:

> We [] find that an "applicant for admission" is not necessarily "seeking admission." Because no Petitioner is alleged to be seeking admission or lawful entry into the United States, § 1225(b)(2)(A)'s mandatory detention scheme does not apply to them. And since "§ 1226 applies to aliens already present in the United States" and "creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings," Petitioners could have been detained pursuant to only § 1226.

*Id.* at *11 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)). Therefore, Section 1226(a) applies to Pierre.

In addition, this Court has repeatedly held that an alien being erroneously detained under Section 1225 when she is eligible for bond under Section 1226(a) can prove a due process violation under the three-part balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See, e.g.*, *Aquino*, 2026 WL 445033, at *10-12; *Coronel-Hernandez*, 2026 WL 227011, at *4-5; *Martinez-Elvir*, 2025 WL 3006772, at *11-13. The unlawful detention of Pierre implicates her liberty interest to which due process applies and precludes her from challenging her detention creating a high risk of erroneous deprivation of the liberty interest, which can be remedied by providing a bond hearing before a neutral immigration judge. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (internal citation omitted) (citing *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982)); *Günaydin v. Trump*, 784 F. Supp. 3d 1175, 1187 (D. Minn. 2025); *Pinchi v. Noem*, No. 5:25-CV-05632-PCP, 2025 WL 2084921, at *5 (N.D. Cal. July 24, 2025). As this Court has recognized, "a 'routine bond hearing before an [immigration judge]' presents 'minimal' fiscal and administrative burdens, and 'there is an established process for doing so that [the Department of Homeland Security] can readily follow here.'" *Alonso v. Tindall*, No. 3:25-CV-652-DJH, 2025 WL 3083920, at *9 (W.D. Ky. Nov. 4, 2025) (alterations in original)

(quoting *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at \*15 (E.D.N.Y. Oct. 6, 2025)).

When individuals have been illegally detained by ICE, courts have ordered their release. *See Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at \*6 (W.D. Ky. Oct. 3, 2025); *Barrera v. Tindall*, No. 3:25-CV-00541-RGJ, 2025 WL 2690565, at \*7 (W.D. Ky. Sep. 19, 2025); *see also Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at \*5 (D. Minn. Aug. 25, 2025). "Habeas has traditionally been a means to secure release from unlawful detention . . . ." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020). Consistent with these norms, Pierre must be released, and if he is arrested and re-detained, he is entitled to a bond hearing on the merits under 8 U.S.C. § 1226 before a neutral immigration judge.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus (DN 1) is **GRANTED**. Respondents are directed to release Petitioner Amanara Jean Pierre from custody **IMMEDIATELY**, and, in the event that he is arrested and re-detained, provide her with a bond hearing before a neutral immigration judge in accordance with 8 U.S.C. § 1226(a). Respondents shall certify compliance with the Court's Order by filing on the docket no later than **5:00 PM CT today**.

2. Upon receipt of the notice of compliance, the Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
May 18, 2026

cc:    counsel of record

4